K. CHIKE ODIWE, ESQ. (SBN 315109)
LAW OFFICES OF KENNETH C. ODIWE, PC
2880 Zanker Road Suite 203
San Jose, CA 95134
Telephone: (669) 315-4431
Facsimile: (669) 315-4431
kenneth@kennethodiwelaw.com

Attorney for Plaintiff
CLARNISHA "CLAIRE" LYONS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARNISHA "CLAIRE" LYONS, an individual,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF VALLEJO, a public entity; GARETT SAYE (Badge No. 755), individually and in his official capacity as a police officer for the Vallejo Police Department; MICHAEL GOZONY (Badge No. 786), individually and in his official capacity as a police officer for the Vallejo Police Department; TRENTON WESTROPE (Badge No. 790), individually and in his official capacity as a police officer for the Vallejo Police Department; SEAN WEST, individually and doing business as VALLEJO CRIME & SAFETY, an online media publication; and DOES 1–50, inclusive, individually and in their official capacities as agents, officers, employees, publishers, reporters, and representatives of the foregoing Defendants,<br><br>                Defendants. | CASE NO.: 2:26-cv-00642-TLN-CKD<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. This civil rights action arises from the unlawful arrest, incarceration, and public misidentification of Plaintiff CLARNISHA "CLAIRE" LYONS by officers of the Vallejo Police Department, who transformed an ordinary criminal investigation into a constitutionally impermissible deprivation of liberty by arresting and jailing an innocent woman who plainly did not match the description of the suspect they purported to seek. Rather than conduct a reasonable investigation grounded in individualized evidence, Defendant officers escalated speculation into armed seizure, custodial arrest, and incarceration, subjecting Plaintiff to the full weight of the criminal justice system without probable cause.

2. On August 19, 2025, Plaintiff lawfully operated her vehicle within the City of Vallejo when Defendant officers executed a high risk felony stop ordinarily reserved for armed and dangerous offenders. Officers surrounded Plaintiff with patrol vehicles, exited with firearms drawn, and aimed lethal force at her despite possessing no facts establishing that Plaintiff posed a threat or had participated in any crime. Plaintiff complied immediately with every command issued. She resisted nothing. She threatened no one. She nevertheless found herself handcuffed, publicly detained, transported to jail, photographed, processed, and incarcerated as a robbery suspect she could not possibly have been.

3. The Constitution requires more than assumption, proximity, or convenience before the government strips a person of liberty. Defendant officers ignored obvious exculpatory facts, including the reporting victim's description identifying a masked juvenile male rather than Plaintiff, an adult woman. Despite the absence of identification, evidence, or individualized suspicion, Defendants proceeded with arrest and booking, converting investigative uncertainty into unlawful incarceration.

4. Defendants' conduct did not end with Plaintiff's wrongful arrest. Following Plaintiff's booking, law enforcement generated and disseminated arrest information that allowed Plaintiff's identity to be publicly associated with violent criminal conduct. The online crime-reporting publication Vallejo Crime & Safety, operated by Defendant Sean West, published Plaintiff's name in

connection with the robbery investigation using information originating from or confirmed through law enforcement sources. These publications spread rapidly throughout Plaintiff's community, branding her as a criminal despite the absence of evidence and before any judicial determination of wrongdoing.

5. The District Attorney subsequently declined to file charges against Plaintiff, confirming what Defendants should have recognized from the outset: Plaintiff committed no crime. By that time, however, the damage had already occurred. Plaintiff endured incarceration, humiliation, emotional trauma, and lasting reputational injury caused by Defendants' decision to arrest first and investigate later.

6. This action seeks to hold Defendants accountable for violating Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and for the resulting harms inflicted under California law. Plaintiff brings this suit to obtain compensation for the loss of liberty, emotional suffering, and reputational destruction caused when government authority and public dissemination combined to wrongfully transform an innocent citizen into a publicly accused criminal.

## JURISDICTION

7. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Vallejo, County of Solano, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

9. Plaintiff CLARNISHA "CLAIRE" LYONS (hereinafter "Plaintiff") is, and at all times relevant herein was, a resident of the State of California and a citizen of the United States.

10. Defendant CITY OF VALLEJO (hereinafter "City") is, and at all times relevant herein was, a duly organized public entity existing under the laws of the State of California. At all relevant times, Defendant City operated, maintained, controlled, and oversaw the Vallejo Police Department and employed sworn peace officers responsible for law enforcement activities within the City of Vallejo. At all times mentioned herein, Defendant City employed Defendant officers and DOES Defendants as peace officers acting within the course and scope of their employment and under color of state law.

11. Defendant GARETT SAYE (Badge No. 755) (hereinafter "Defendant Saye") is sued individually and in his official capacity as a police officer employed by the Vallejo Police Department. At all relevant times herein, Defendant Saye acted under color of state law and within the course and scope of his employment.

12. Defendant MICHAEL GOZONY (Badge No. 786) (hereinafter "Defendant Gozony") is sued individually and in his official capacity as a police officer employed by the Vallejo Police Department. At all relevant times herein, Defendant Gozony acted under color of state law and within the course and scope of his employment.

13. Defendant TRENTON WESTROPE (Badge No. 790) (hereinafter "Defendant Westrope") is sued individually and in his official capacity as a police officer employed by the Vallejo Police Department. At all relevant times herein, Defendant Westrope acted under color of state law and within the course and scope of his employment.

14. Defendant SEAN WEST (hereinafter "Defendant West") is an individual who, at all relevant times, owned, operated, controlled, published, or otherwise directed an online media publication commonly known as "Vallejo Crime & Safety." Defendant West is sued individually and in his capacity as the operator and publisher of the media platform through which information concerning Plaintiff was gathered, confirmed, published, and disseminated to the public.

15. At all relevant times, Defendant West, doing business as "Vallejo Crime & Safety," engaged in the business of publishing and disseminating crime-related information to the public through online and social media platforms accessible within Solano County, the State of California, and throughout the United States.

16. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOES Defendants was legally responsible in some manner for the acts, omissions, occurrences, and damages alleged herein, and that Plaintiff's injuries were proximately caused by the negligent, careless, reckless, deliberately indifferent, intentional, or willful acts and omissions of said Defendants, including but not limited to participation in the investigation, detention, arrest, incarceration, publication, dissemination, confirmation, republication, or failure to correct false or misleading information concerning Plaintiff.

**ADMINISTRATIVE PREREQUISITES**

17. Plaintiff is required to comply with administrative claim presentation requirements under California law as a prerequisite to maintaining state law causes of action against a public entity and its employees. Plaintiff timely filed a Government Tort Claim against Defendant City of Vallejo on October 3, 2025. Plaintiff has satisfied and exhausted all applicable administrative remedies pursuant to California Government Code sections 910, 911.2, 912.4, and 945.4, and Plaintiff is therefore authorized to pursue the state law claims alleged herein.

**PRELIMINARY ALLEGATIONS**

18. Defendant CITY OF VALLEJO is a public entity organized and existing under the laws of the State of California and is sued pursuant to Title 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and applicable California statutory and common law for injuries caused by the acts and omissions of its officers, employees, agents, and representatives acting under color of state law. At all times relevant herein, Defendant officers and DOES Defendants were duly appointed peace officers employed by or acting on behalf of the City of Vallejo and were acting within the course and scope of their employment when they detained, arrested, incarcerated, and caused the public identification of Plaintiff as a criminal suspect.

19. At all relevant times, Defendants exercised authority derived from state law and used that authority to detain, restrain, arrest, process, and incarcerate Plaintiff. Defendants acted under color of law when they executed a high-risk felony stop, deprived Plaintiff of liberty without probable cause, generated official arrest and booking records identifying Plaintiff as a robbery suspect, and communicated or permitted dissemination of information arising from Plaintiff's arrest to third parties.

20. Each Defendant caused and is legally responsible for the unlawful conduct and resulting harm alleged herein by personally participating in the acts complained of, directing or assisting others in those acts, acting jointly and in concert with other Defendants, knowingly acquiescing in unconstitutional conduct, failing to intervene to prevent violations occurring in their presence, or ratifying and approving the conduct after the fact. Each Defendant had a duty to prevent the unlawful deprivation of Plaintiff's constitutional rights yet failed to take reasonable steps to do so.

21. Defendants' actions operated collectively to transform investigative suspicion into custodial arrest without individualized probable cause and to thereafter place Plaintiff into official criminal classification through booking and incarceration. The creation of arrest records and custodial documentation foreseeably enabled Plaintiff's identity to become publicly associated with violent criminal conduct despite the absence of evidence supporting such accusations.

22. Following Plaintiff's arrest, Defendants generated, maintained, confirmed, released, or failed to restrict dissemination of arrest and booking information identifying Plaintiff in connection with the robbery investigation. Such information entered public circulation through media reporting entities, including Defendant Vallejo Crime & Safety, operated by Defendant Sean West., which published Plaintiff's identity and associated her with criminal conduct using information derived from or confirmed through law enforcement sources.

23. The publication of Plaintiff's identity did not occur independently of governmental action but flowed directly and foreseeably from Defendants' arrest, booking, documentation, confirmation, and dissemination of information concerning Plaintiff's alleged criminal involvement. Defendants knew or reasonably should have known that public dissemination of arrest information concerning an individual lacking probable cause would subject that individual to reputational stigma, humiliation, and lasting harm.

24. Whenever reference is made in this Complaint to any act or omission of Defendants DOES 1 through 50, such allegations shall be deemed to include the acts and omissions of each Defendant acting individually, jointly, severally, or in concert with one another. Each DOE Defendant participated in or contributed to the investigation, detention, arrest, incarceration, documentation, communication, publication, confirmation, or failure to correct false or misleading information concerning Plaintiff.

25. At all times relevant herein, each Defendant acted as the agent, employee, joint participant, or representative of the remaining Defendants and acted within the course and scope of such relationship. Plaintiff is informed and believes, and thereon alleges, that each Defendant approved, authorized, encouraged, facilitated, or knowingly permitted the unlawful conduct described herein, and that the injuries sustained by Plaintiff resulted directly and proximately from the combined actions and omissions of all Defendants.

## GENERAL ALLEGATIONS

26. On August 19, 2025, Plaintiff CLARNISHA "CLAIRE" LYONS lawfully traveled within the City of Vallejo, California when officers of the Vallejo Police Department wrongfully identified her as connected to an unrelated robbery investigation and subjected her to an unlawful arrest that resulted in incarceration, public humiliation, and substantial and continuing reputational harm.

27. Earlier that day, Vallejo Police Department officers responded to reports of a robbery occurring near Island Pacific Market located at 24 Springstowne Center in Vallejo. Witnesses described the robbery suspect as a masked juvenile male who forcibly removed a purse from the reporting victim before fleeing the area. The physical description provided to officers identified a young male suspect whose gender, age, and appearance bore no resemblance to Plaintiff, an adult woman.

28. Despite possessing a suspect description that excluded Plaintiff, officers directed investigative attention toward a white Chevrolet Monte Carlo believed to have been observed near the suspect's flight path. Officers subsequently located that vehicle while Plaintiff operated it lawfully within the City of Vallejo.

29. Vallejo Police Department Officers Garett Saye (#755), Michael Gozony (#786), and Trenton Westrope (#790), together with additional assisting officers, initiated a high-risk felony traffic stop of Plaintiff's vehicle. Officers surrounded Plaintiff with multiple patrol units, exited their vehicles with firearms drawn, and pointed department issued weapons directly at Plaintiff.

30. Plaintiff immediately complied with every command issued by officers. Plaintiff made no threatening gestures, attempted no flight, and displayed no weapon. Plaintiff presented no objective danger to officers or the public. Nevertheless, officers treated Plaintiff as though she had personally committed a violent felony offense.

31. Officers ordered Plaintiff from her vehicle at gunpoint, placed her in handcuffs, and detained her in public view. Members of the surrounding community observed Plaintiff restrained by armed officers. Officers exercised overwhelming force despite lacking individualized facts connecting Plaintiff to criminal conduct.

32. At the time officers seized Plaintiff, no witness had identified Plaintiff as the robbery suspect. Plaintiff did not match the suspect description provided by the reporting victim. Officers possessed no surveillance footage placing Plaintiff at the robbery scene and recovered no weapon or incriminating evidence from Plaintiff's person or immediate control. Plaintiff's sole connection to the investigation consisted of her presence in a vehicle officers believed may have been associated with another individual.

33. The Fourth Amendment requires that officers base custodial arrests upon probable cause supported by particularized facts linking the person seized to criminal activity. Rather than conducting a reasonable investigation to determine Plaintiff's involvement, officers relied upon generalized assumptions and speculative associations.

34. Instead of releasing Plaintiff once these discrepancies became apparent, officers escalated the detention into a custodial arrest. Officers transported Plaintiff from the scene to jail facilities where officers subjected her to formal booking procedures. Officers photographed, processed, and incarcerated Plaintiff, thereby depriving her of liberty and subjecting her to the stigma and conditions associated with criminal confinement.

35. The act of booking Plaintiff into jail constituted a complete deprivation of liberty requiring individualized probable cause. At no time prior to or during Plaintiff's booking did officers obtain evidence establishing that Plaintiff committed, participated in, or conspired to commit the reported robbery.

36. During subsequent investigative procedures, the reporting victim failed to positively identify Plaintiff as the perpetrator. This failure eliminated any reasonable factual basis for Plaintiff's continued classification as a robbery suspect. Plaintiff nevertheless endured incarceration and the emotional trauma associated with wrongful arrest and confinement.

37. During and immediately following Plaintiff's arrest and booking, personnel of the Vallejo Police Department generated arrest reports, booking records, and investigative information identifying Plaintiff as connected to the robbery investigation. Law enforcement personnel communicated or permitted dissemination of Plaintiff's identifying information, custodial status, and alleged association with criminal conduct through channels accessible to third parties, including members of the press and public crime reporting platforms.

38. Shortly thereafter, media outlet Vallejo Crime & Safety, operated by Defendant Sean West, published articles and online reports identifying Plaintiff by name and associating her with the robbery investigation. These publications relied upon information originating from or confirmed through Vallejo Police Department sources, including arrest and booking information uniquely available to law enforcement at the time of publication.

39. At the time such information was disseminated, Defendants knew or reasonably should have known that Plaintiff did not match the suspect description and had not been positively identified as the perpetrator. Nevertheless, Defendants allowed Plaintiff's identity to be publicly linked to allegations of violent criminal conduct.

40. The publications issued by Vallejo Crime & Safety, operated by Defendant Sean West portrayed Plaintiff as a robbery suspect and disseminated her identity throughout the community and across widely accessible internet platforms. These reports spread rapidly and remained publicly available, permanently associating Plaintiff's name with criminal activity despite the absence of supporting evidence.

41. Members of Plaintiff's community viewed and relied upon these publications. Friends, neighbors, acquaintances, and members of the public treated Plaintiff as a criminal suspect. Plaintiff experienced humiliation, embarrassment, anxiety, fear, and damage to her personal reputation directly resulting from the widespread dissemination of inaccurate and misleading information concerning her alleged involvement in a violent crime.

42. The District Attorney subsequently declined to file criminal charges against Plaintiff, confirming that insufficient evidence existed to justify her arrest or prosecution. Despite this determination, the reputational harm inflicted upon Plaintiff persisted because Defendants' disclosures enabled third party media defendants to publish and maintain false associations between Plaintiff and criminal conduct.

43. The public stigma resulting from Plaintiff's arrest and the subsequent publications altered Plaintiff's legal and social status within her community. Plaintiff suffered loss of liberty, emotional distress, reputational injury, and continuing psychological harm arising from Defendants' actions and the foreseeable republication of law enforcement supplied information.

44. As a direct and proximate result of Defendants' conduct, Plaintiff continues to suffer emotional trauma, anxiety, humiliation, and ongoing reputational damage stemming from her wrongful arrest, incarceration, and public identification as a robbery suspect.

45. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

46. As a direct and proximate result of Defendants' unlawful acts and omissions, including the unreasonable seizure, wrongful arrest, custodial incarceration, and public association of Plaintiff with alleged criminal conduct, Plaintiff suffered substantial injuries and damages. Defendants' conduct deprived Plaintiff of liberty secured by the Fourth and Fourteenth Amendments to the United States Constitution and caused Plaintiff to sustain emotional distress, humiliation, anxiety, fear, embarrassment, reputational injury, and loss of dignity. Plaintiff endured the trauma of

being detained at gunpoint, handcuffed in public view, transported to jail, processed as a criminal suspect, and incarcerated despite the absence of probable cause.

47. Defendants' actions further caused Plaintiff to suffer lasting reputational harm arising from the dissemination and publication of information associating Plaintiff with violent criminal activity. Plaintiff experienced community stigma, public suspicion, damage to personal standing, and ongoing emotional and psychological consequences resulting from Defendants' conduct and the foreseeable public dissemination of arrest related information.

48. As a consequence of Defendants' conduct, Plaintiff suffered mental anguish, emotional distress, shame, and loss of enjoyment of life, all in an amount according to proof at trial. Plaintiff continues to experience anxiety, fear, and emotional harm stemming from the wrongful deprivation of liberty and public misidentification caused by Defendants.

49. Plaintiff has been required to retain the services of private legal counsel to protect and vindicate her constitutional rights and to obtain redress for the injuries caused by Defendants acting under color of state law. Plaintiff is therefore entitled to recover reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. §§ 1983 and 1988 and all other applicable provisions of law.

50. The conduct of the individual Defendant officers was intentional, reckless, callous, and undertaken with deliberate or reckless disregard for Plaintiff's clearly established constitutional rights, thereby entitling Plaintiff to an award of punitive and exemplary damages against the individual Defendants in an amount sufficient to punish unlawful conduct and deter similar misconduct in the future.

51. Plaintiff seeks all compensatory, general, special, economic, and non economic damages permitted by law in an amount according to proof at trial.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Violation of the Fourth Amendment of the United States Constitution – Unlawful Arrest Without Probable Cause)**
**(Against Defendants Saye, Gozony, Westrope, and DOES 1–25)**

52. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint.

53. 42 U.S.C. § 1983 provides that any person acting under color of state law who subjects another to the deprivation of constitutional rights shall be liable to the injured party.

54. Plaintiff possessed a clearly established right under the Fourth Amendment to be free from arrest and custodial incarceration absent probable cause supported by individualized facts.

55. Defendants seized, arrested, transported, and booked Plaintiff into jail despite lacking evidence that Plaintiff committed or participated in the alleged robbery.

56. Plaintiff did not match the suspect description, was not identified by any witness, and possessed no incriminating evidence linking her to criminal conduct.

57. Defendants nevertheless deprived Plaintiff of liberty by effectuating a custodial arrest based upon speculation and association rather than individualized probable cause.

58. Reasonable officers in Defendants' position knew or should have known that arrest under these circumstances violated clearly established constitutional law.

59. Defendants' conduct directly and proximately caused Plaintiff to suffer loss of liberty, humiliation, emotional distress, reputational harm, and damages according to proof.

60. Defendants acted willfully, knowingly, and with reckless disregard for Plaintiff's constitutional rights.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Violation of the Fourth Amendment – Unreasonable Seizure and Excessive Force)**
**(Against Defendants Saye, Gozony, Westrope, and DOES 1–25)**

61. Plaintiff re-alleges paragraphs 1 through 60.

62. Plaintiff possessed a clearly established right to be free from unreasonable seizures and disproportionate uses of force.

63. Defendants conducted a high-risk felony stop, surrounded Plaintiff with armed officers, and pointed firearms directly at her despite lacking individualized facts demonstrating an immediate threat.

64. Plaintiff remained compliant, cooperative, and non-threatening at all times.

65. The level of force employed was objectively unreasonable under the totality of the circumstances.

66. Defendants knew or should have known that employing lethal-force tactics against a compliant individual violated clearly established law.

67. Defendants' conduct caused Plaintiff fear, trauma, humiliation, and emotional injury.

68. Defendants acted intentionally or with reckless disregard for Plaintiff's constitutional rights.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Fourteenth Amendment – Deprivation of Liberty Without Due Process / Stigma Plus)**
**(Against Defendants Saye, Gozony, Westrope, and DOES 1–25)**

69. Plaintiff re-alleges paragraphs 1 through 68.

70. Plaintiff possessed liberty interests protected by the Due Process Clause of the Fourteenth Amendment.

71. Defendants arrested and booked Plaintiff and generated official records identifying Plaintiff as a robbery suspect.

72. Defendants communicated, confirmed, or permitted dissemination of Plaintiff's arrest information to third parties, including media entities.

73. Media outlets including Vallejo Crime & Safety, operated by Defendant Sean West published Plaintiff's identity in connection with criminal allegations derived from law enforcement information.

74. The publication of stigmatizing information occurred in conjunction with Plaintiff's custodial arrest and alteration of legal status.

75. Defendants knew or should have known Plaintiff lacked involvement in the alleged crime.

76. Defendants' actions imposed reputational stigma coupled with deprivation of liberty.

77. Plaintiff suffered continuing reputational and emotional damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(False Arrest and False Imprisonment)**
**(California Law)**
**(Against Defendants City of Vallejo, Officer Defendants, and DOES 1–25)**

78. Plaintiff re-alleges paragraphs 1 through 77.

79. Defendants intentionally confined and restrained Plaintiff through arrest and incarceration.

80. Plaintiff did not consent to the confinement.

81. Defendants lacked lawful privilege or probable cause.

82. The confinement caused loss of liberty, humiliation, emotional distress, and reputational injury.

83. Defendants' conduct was a substantial factor in causing Plaintiff's damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Negligence)**
**(California Law)**
**(Against All Defendants)**

84. Plaintiff re-alleges paragraphs 1 through 83 except allegations of intentional misconduct where inconsistent.

85. Defendants owed Plaintiff a duty to exercise reasonable care in investigation, detention, arrest, and dissemination of identifying information.

86. Defendants breached that duty by failing to verify suspect identity and arresting Plaintiff without adequate investigation.

87. Defendants further breached their duty by permitting dissemination of inaccurate information linking Plaintiff to criminal conduct.

88. Plaintiff suffered damages as a direct and foreseeable result.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (California Law)
### (Against All Defendants)

89. Plaintiff re-alleges paragraphs 1 through 88.

90. Defendants engaged in extreme and outrageous conduct by arresting and incarcerating Plaintiff without justification and publicly associating her with violent criminal conduct.

91. Defendants intended to cause emotional distress or acted with reckless disregard of that probability.

92. Defendants' conduct caused severe emotional distress including anxiety, humiliation, fear, and reputational trauma.

93. Defendants acted with willful and conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (Violation of California Civil Code § 52.1 – Bane Act)
### (Against Officer Defendants and DOES 1–25)

94. Plaintiff re-alleges paragraphs 1 through 93.

95. Defendants interfered with Plaintiff's constitutional rights through threats, intimidation, and coercion, including armed detention and custodial arrest.

96. Defendants' coercive conduct compelled Plaintiff's submission.

97. Defendants intentionally interfered with Plaintiff's Fourth and Fourteenth Amendment rights.

98. Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
**(Defamation)**
**(California Law)**
**(Against Defendant Sean West individually and d/b/a Vallejo Crime & Safety, and DOES 26–50)**

99. Plaintiff re-alleges paragraphs 1 through 98.

100. Media Defendant published statements identifying Plaintiff as connected to a robbery investigation. Plaintiff was publicly named and shamed on the Facebook page Vallejo Crime and Safety, operated by Sean West. A large image of her face was posted along with text falsely identifying her as the "worst mother in the world" and accusing her of driving her son to commit an armed robbery. These statements were false, unsubstantiated, and published without any legal finding of guilt or even formal charges.

101. The statements were false or materially misleading.

102. Media Defendants relied upon law enforcement information while failing to adequately verify accuracy.

103. The publications exposed Plaintiff to hatred, ridicule, and disgrace.

104. Plaintiff suffered reputational and emotional damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
**(False Light Invasion of Privacy)**
**(California Law)**
**(Against Sean West individually and d/b/a Vallejo Crime & Safety, and DOES 26–50)**

105. Plaintiff re-alleges paragraphs 1 through 104.

106. Media Defendants publicly portrayed Plaintiff as a robbery suspect.

107. The portrayal created a false and misleading impression highly offensive to a reasonable person.

108. Media Defendants acted with reckless disregard for truth or falsity.

109. Plaintiff suffered humiliation, emotional distress, and continuing reputational harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

110. Plaintiff hereby demands a jury trial in this action.

# PRAYER

WHEREFORE, Plaintiff CLARNISHA "CLAIRE" LYONS respectfully prays for judgment against Defendants, and each of them, as follows:

1. For general damages, including damages for loss of liberty, emotional distress, humiliation, anxiety, reputational injury, and loss of dignity, in a sum according to proof at trial;

2. For special damages, including economic losses and all other compensable damages permitted by law, in a sum according to proof at trial;

3. For compensatory damages pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution;

4. For punitive and exemplary damages against the individual Defendant officers and DOES Defendants 1–25, inclusive, in an amount sufficient to punish unlawful conduct and deter similar misconduct;

5. For all damages recoverable against Defendant Sean West individually and d/b/a/ Vallejo Crime & Safety, and DOES Defendants 26–50 arising from defamation, false light, and related reputational injuries, in a sum according to proof;

6. For reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, and all other applicable provisions of law;

7. For statutory damages, penalties, and enhanced remedies authorized under federal and California law;

8. For pre-judgment and post-judgment interest as permitted by law;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court deems just and proper.

**Law Offices of Kenneth C. Odiwe, PC**

Dated: March 5, 2026        /s/ *Kenneth Chike Odiwe*
                            Kenneth Chike Odiwe
                            Attorney for Plaintiff